■ CHARLES CESTARO, Trading as CLUB VELVET LOUNGE, INC., Appellant, v FIRE AND CASUALTY INSURANCE COMPANY OF CONNECTICUT, Respondent. [818 NYS2d 21]—

Order, Supreme Court, Bronx County (Patricia Anne Williams, J.), entered April 14, 2005, which granted defendant's motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for partial summary judgment,

unanimously modified, on the law, defendant's motion denied with respect to plaintiff's claim for damages stemming from vandalism, that portion of the complaint reinstated, plaintiff's cross motion for partial summary judgment on the issue of liability granted with respect to the vandalism claim, and the matter remanded for further proceedings on the issue of damages with respect thereto, and otherwise affirmed, without costs.

Plaintiff's claim for damages sustained as a result of thefts at his premises on December 8 and 10, 2001, is precluded by the insurance policy issued by defendant. Paragraph B (2) (h) of the policy's causes of loss form clearly and unambiguously excludes from coverage any loss or damage resulting from a dishonest or criminal act by the insured or its employees. The only inference to be drawn from the evidence presented is that the thefts were orchestrated and facilitated by plaintiff's employees prior to the termination of their employment.

Paragraph B (2) (h) does not, however, preclude recovery for damages resulting from vandalism to the premises caused by an employee. The evidence presented does not indicate that the dishonest parties were anything more than mere employees of plaintiff, i.e., there is no indication they held any position of authority or any ownership or partnership interest in the business. Paragraph B (2) (h) specifically removes from the exclusion any losses sustained by acts of destruction, as opposed to theft, by an employee.

We have considered plaintiff's remaining arguments and find them without merit. Concur—Buckley, P.J., Andrias, Marlow, Nardelli and Catterson, JJ.