Tenth Ave., LLC v Aspen Am. Ins. Co. (2022 NY Slip Op 00527)





Tenth Ave., LLC v Aspen Am. Ins. Co.


2022 NY Slip Op 00527


Decided on January 27, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 27, 2022

Before: Kapnick, J.P., Gesmer, González, Kennedy, Shulman, JJ. 


Index No. 152935/18 Appeal No. 15165 Case No. 2021-01534 

[*1]Tenth Ave., LLC, Plaintiff-Respondent,
v
Aspen Am. Ins. Co., Defendant-Appellant.


Gennet Kallmann Antin, Sweetman & Nichols, P.C., New York (Donald G. Sweetman of counsel), for appellant.
Law Office of Craig A. Blumberg, New York (Craig A. Blumberg of counsel), for respondent.



Order, Supreme Court, New York County (Alexander M. Tisch, J.), entered April 2, 2021, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.
Defendant provided a commercial property insurance policy to plaintiff which excluded coverage for "theft by any person to whom you entrust the property for any purpose." Plaintiff suffered losses as a result of conduct by its tenant, to whom the property had been entrusted. However, defendant failed to establish that plaintiff's loss resulted entirely from theft by plaintiff's tenant, and therefore could be subject to the policy exclusion (see generally Consolidated Edison Co. of N.Y. v Allstate Ins. Co., 98 NY2d 208, 218 [2002]; Cestaro v Fire & Cas. Ins. Co. of Conn., 30 AD3d 263, 264 [1st Dept 2006]). The documentary evidence and testimony relied upon by defendant, which described damage and destruction of plaintiff's property as well as the severing of items such as railings and fixtures prior to the removal of property, raises issues of fact as to whether any of the losses resulted from vandalism, which defendant concedes would be a covered loss (see Georgitsi Realty, LLC v Penn-Star Ins. Co., 21 NY3d 606, 611 [2013]; Cestaro at 264; Cresthill Indus. v Providence Washington Ins. Co., 53 AD2d 488, 497 [2d Dept 1976]). Moreover, there is also a question of fact as to whether the property was still entrusted to the plaintiff's tenant at the time of the damage to the property, since a judgment of eviction against him had already been entered at that time. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 27, 2022